UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON ALAN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RENTON et al.,<br><br>Defendants. | CASE NO. 2:26-cv-00128-JNW<br><br>ORDER REVIEWING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) |

## 1. INTRODUCTION

The Court raises this matter of its own. Plaintiff Jason Alan Smith proceeds pro se and in forma pauperis (IFP). He sues (1) the Cities of Renton and Bellevue; (2) the SCORE Interlocal Adult Detention Facility; (4) Sergeants Michael Kidd and Bryan D. Marin; (5) Federal Way Municipal Court Judge Danielle R. Havens and Renton Municipal Court Judge Jessica Giner; (6) Prosecutors Ellie Moore and Paul Titalii; (7) Valley Defenders, PLLC; (8) attorney Heather Villani; and (9) twelve

officers, Officers William Woo, Lakita Hemsley, Sims, Manns, Hansen, Finske, Traino, Weber, Cumming, Kasey Fairfax, W. Ridgeway, and Moynihan. Dkt. No. 5.[1]

Smith raises nine claims. He brings an excessive force claim under 42 U.S.C. § 1983 against Defendants Fairfax, Kidd, and Marin; a claim for failure to intervene under 42 U.S.C. § 1983 against Defendants Woo, Hemsley, Sims, Manns, Hansen, Frisnke, Traino, Weber, Cumming, and Moyniham; a first amendment retaliation claim under 42 U.S.C. § 1983 against Defendants Fairfax and Ridgeway; a judicial fraud and due process claim under 42 U.S.C. § 1983 against the City of Renton, Prosecutor Moore and Titalli, the Honorable Judge Danielle Havens of the Federal Way Municipal Court, and the Honorable Judge Jessica Giner of the Renton Municipal Court; a claim for deprivation of right to counsel under 42 U.S.C. § 1983 against Valley Defenders PLLC, and attorney Heather Villani; a 42 U.S.C. § 1983 claim against the City of Renton for enforcing an unconstitutionally vague statute; a 42 U.S.C. § 1983 claim against the City of Renton for violating Smith's right to bear arms under the Second Amendment; a 18 U.S.C. § 1545 claim against the City of Bellevue for "violation of safe conduct"; and a breach of fiduciary claim against all Defendants. Dkt. No. 5 at 3–5.

After reviewing the Complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Smith states a claim on only one of these theories. The rest are dismissed with leave to amend.

[1] The Court notes that several of the officers identified in Smith's complaint do not have first names provided.

## 2. DISCUSSION

Section 1915 requires the Court to dismiss an IFP action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). “The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.” *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

Thus, to survive Section 1915 review, the complaint “must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard “does not require ‘detailed factual allegations,’ but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.” *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Pro se pleadings, such as the complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a “higher” plausibility standard, they did not alter courts’ obligation to construe pro se complaints “liberally when evaluating them under *Iqbal*.”).

**2.1 Section 1983 supplies the framework for Smith's federal claims.**

Smith's claims arise under 42 U.S.C. § 1983. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Smith's allegations center on two arrests. He says officers arrested him at Wilburton Hill Park on July 11, 2023, and again in Renton on December 28, 2023. Dkt. No. 5 at 3. For the first arrest, Smith alleges that he was unlawfully arrested after he had verbally criticized police conduct. During the arrest, Smith informed officers that he has an artificial hip. Despite this warning, two of the officers placed pressure on Smith's hip and back causing avascular necrosis, permanent death of body tissue. *Id.* at 3. For the second arrest, Smith alleges that he was again arrested for engaging in free speech. Following his arrest, he was subject to a fraudulent judicial proceeding orchestrated by judges, prosecutors, and his defense attorney. *Id.* at 1–2. He also alleges that Defendants in concert violated their fiduciary duties owed to Smith and that they unlawfully used his passport as a method of identification during his arrest. *Id.*

**2.2 Smith brings claims against improper defendants.**

The Court begins by addressing the improper defendants named in Smith's complaint. *See* Dkt. No. 5.

**2.2.1 Judge Danielle Havens and Judge Jessica Giner.**

Smith sues two judicial officers, Judge Danielle Havens and Judge Jessica Giner, but judges are absolutely immune from suit for acts that relate to the judicial process. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker*, 846 F.2d at 1204 (citations omitted). Absent facts specifically showing that these officers acted completely outside their judicial capacity or jurisdiction, they are not proper defendants in this action. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Beyond simply naming these judicial defendants in his complaint, Smith fails to identify any acts taken by them that would show they acted outside their judicial capacity, with or without jurisdiction. Smith argues that "Defendant Judges acted in the 'clear absence of all jurisdiction'" by relying on a "falsified record." Dkt. No. 5 at 4. Conclusory allegations that these judges acted maliciously or that they abused their discretion do not render Smith's claims cognizable. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity not overcome by allegations of bad faith or malice).

The claims against Judge Havens and Judge Giner are dismissed.

**2.2.2 Prosecutors Moore and Titialli.**

Smith sues Renton prosecutors Ellie Moore and Paul Titialii for "malicious prosecution. Dkt. No. 5 at 2. Criminal prosecutors are absolutely immune from civil damages suits for acts "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons,* 509 U.S. 259, 272–73 (1993). That immunity holds even when the prosecutor acted maliciously or dishonestly to deprive a defendant of liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The claims against Moore and Titialii are dismissed.

**2.2.3 Public Defender Heather Villani and Valley Defenders PLLC.**

Smith sues Heather Villani, his court-appointed public defender, and her law firm, Valley Defenders PLLC, for what reads as an ineffective assistance of counsel claim. But "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *Garnier v. Clarke*, 332 Fed.Appx. 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's section 1983 claims against appointed counsel). A private entity can be liable under Section 1983 in some circumstances, but Smith offers no facts showing what Valley Defenders did or how it acted "under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action.").

The claims against Villani and Valley Defenders are dismissed.

**2.2.4 SCORE Interlocal Adult Detention Facility.**

Smith identifies the SCORE Interlocal Adult Detention Facility as a defendant. This facility is not a "person" capable of being sued under 42 U.S.C. § 1983. *Allison v. California Adult Authority*, 419 F.2d 822. 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not a person subject to suit under 42 U.S.C. § 1983).

The claim against the SCORE Interlocal Adult Detention Facility is dismissed.

**2.3 Smith's claims against the City of Renton and the City of Bellevue.**

To state a claim against the City of Renton or the City of Bellevue, Smith must allege that: (1) he was deprived of a constitutional right, (2) the City has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To survive screening, Smith must allege "facts regarding the specific nature of [the] alleged policy, custom, or practice." *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Smith fails to allege any policy, custom, or practice. The Court DISMISSES Smith's Section 1983 claim against the Cities of Bellevue and Renton.

**2.4 Smith's excessive force claim.**

Smith alleges that Defendant officers "Fairfax, Kidd, and Marin" used excessive force in carrying out the July 11, 2023, arrest. He alleges that Defendant Sergeant Kidd used excessive force by applying "downward pressure' to Smith's hip while Defendant Officer Fairfax applied body weight "to [Smith's] back." Dkt. No. 5 at 3. This force was applied after Smith alerted officers to his artificial hip. The combined force resulted in avascular necrosis. Smith alleges that Sergeant Marin "actively participated in the seizure and application of force." As for the remaining officers—Defendants Woo, Hemsley, Sims, Hansen, Frinske, Traino, Weber, Cumming and Moynihan—Smith alleges only that they failed to intervene during the use of excessive force. He alleges no use of force during the December 28, 2023, arrest.

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *County of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017). "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case." *Id*. at 428. Here, Smith alleges that Officer Fairfax and Sergeant Kidd placed downward pressure on his hip and back and that as a result of this pressure Smith suffered avascular necrosis, permanent tissue damage. Dkt. No. 5. Based on these allegations, Smith states a plausible excessive force claim against Officer Fairfax and Sergeant Kid in their

individual capacity[2]—this is the one claim that survives screening. *See, Stroeve v. Lowenthal*, Civ. No. 19-00191 DKW-KJM, 2019 WL 2062946. *3 (D. Haw. May 9, 2019) (concluding that excessive force claim against police officer could proceed where officer allegedly beat and suffocated the plaintiff during his arrest, while the plaintiff was handcuffed, kneeling on the ground, and not resisting). The Court dismisses the excessive force claims against the remaining officers.

**2.5 Smith's remaining claims.**

The balance of the complaint fails under 28 U.S.C. § 1915(e)(2)(B)(ii). For each remaining theory, Smith identifies legal claims without any supporting authority or facts. He recites conclusory statements that Defendants violated the law. Furthermore, many of Smith's claims concerning judicial fraud and deprivation of counsel fail alongside the Court's dismissal of numerous defendants. *See infra* Section 2.2. These claims are dismissed.

**2.6 Leave to amend.**

Ordinarily, when a court dismisses a pro se plaintiff's complaint, it should grant leave to amend, even if no request to amend is made. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). But leave to amend may be

[2] Smith does not allege that Officer Fairfax and Sergeant Kidd acted pursuant to a policy or a custom, or that the City of Renton and the City of Bellevue's Police Departments failed to train Officer Fairfax or Sergeant Kidd. Thus, Smith fails to state an official-capacity claim. *See Finefeuiaki v. Maui Police Dep't*, Civ. No. 1:18-cv-00325 JAO-SC, 2018 WL 4839001, at *2–3 (D. Haw. Oct. 4, 2018) (dismissing claims against officers of the Maui Police Department in their official capacities).

denied where amendment would be futile. *Id*. A claim the law itself bars cannot be saved by better pleading. A claim that fails only for want of facts often can.

That distinction sorts Smith's dismissed claims into two groups. The first fails as a matter of law. Absolute immunity shields Havens and Giner for their judicial acts and Moore and Titalii for their prosecutorial ones; Villani and Valley Defenders did not act under color of state law; and SCORE is not a person subject to suit. No further facts can cure a defect the law imposes, so amendment would be futile. The Court DISMISSES the claims against Havens, Giner, Moore, Titialii, Villani, Valley Defenders, and SCORE WITH PREJUDICE.

The second group fails only because Smith pleaded too little. His municipal claims against Renton and Bellevue, his First Amendment retaliation claim, his excessive force claims against the officers other than Fairfax and Kidd, and his remaining Section 1983 claims rest on conclusions rather than facts. Facts Smith has not yet alleged could state these claims, so amendment would not be futile. The Court DISMISSES these claims WITHOUT PREJUDICE and grants Smith leave to amend.

### 2.7 Smith's motion for service by Marshal and motion for extension of time to serve.

Smith moves for the Court to order service by the U.S. Marshal under Fed. R. Civ. P. 4(c)(3). Dkt. No. 10. In a separate motion, he asks the Court to discharge its May 20, 2026, order to show cause, to correct Smith's address on the docket, and to grant a thirty-day extension of time to serve defendants. Dkt. No. 11 at 7. First, the docket reflects no show cause order issued by the Court, so there is no order to

discharge. Second, the address Smith provides in his motion is the same one reflected on the docket. And because the Court dismisses all but one claim and all but two Defendants with leave to amend, service is not yet warranted. Smith may renew his request for Marshal service when he files his amended complaint.

## 3. CONCLUSION

Accordingly, the Court orders as follows:

1. The Court DISMISSES WITH PREJUDICE Smith's claims against Judge Havens, Judge Giner, Prosecutor Moore, Prosecutor Titialii, Villani, Valley Defenders, and SCORE. These Defendants are terminated from this action.
2. The Court DISMISSES Smith's remaining claims WITHOUT PREJUDICE and GRANTS him leave to amend. These include his excessive force claims, his municipal claims against Renton and Bellevue.
3. Smith must file an amended complaint within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for his claims as required by Fed. R. Civ. P. 8.
4. The amended complaint will operate as a complete substitute for Smith's original complaint. Thus, any amended complaint must not cross-reference his previous complaints, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to which Defendants, when the alleged wrongdoing occurred, and the specific relief requested.

The Clerk is directed to note this deadline on the Court's calendar.

Dated this 22nd day of July, 2026.

Jamal N. Whitehead
United States District Judge