UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON ALAN SMITH,

Plaintiff,

v.

CITY OF RENTON et al.,

Defendants.

CASE NO. 2:26-cv-00128-JNW

ORDER REVIEWING PLAINTIFF'S AMENDED COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B)

## 1. INTRODUCTION

Plaintiff Jason Alan Smith proceeds pro se and in forma pauperis (IFP). On July 22, 2026, the Court dismissed Smith's complaint in part under 28 U.S.C. § 1915(e)(2)(B), with leave to amend. Dkt. No. 13. Smith filed an amended complaint on August 3 that raises five claims: (1) a First Amendment retaliation claim under 42 U.S.C. § 1983 against Defendant officers Kidd, Marin, and Fairfax; (2) a Fourth Amendment excessive force and unlawful seizure claim under 42 U.S.C. § 1983 against Defendant officers Kidd, Marin, and two unnamed officers; (3) a failure to intervene claim under 42 U.S.C. § 1983 against Defendant officers Fairfax, Woo, Hemsley, Manns, and Hansen; (4) a fourth amendment false arrest,

excessive force, and unlawful seizure claim under 42 U.S.C. § 1983 against Defendant officers Ridgeway, Weber, Traino, Cumming, and Moynihan; and (5) a Monell claim under 42 U.S.C. § 1983 against the cities of Bellevue and Renton. Dkt. No. 14. The Court reviews the amended complaint under 28 U.S.C. § 1915(e)(2)(B).[1]

Smith's allegations center on two arrests. He says officers arrested him at a Bellevue, Washington, gas station, after an encounter at Wilburton Hill Park on July 11, 2023, and again in Renton on December 28, 2023. Dkt. No. 14 at 2, 4. For the first arrest, Smith alleges that, after reporting on a 911 call "that he had been assaulted by four officers at the park," Kidd, Marin, and two unnamed officers arrested Smith while Fairfax and others watched. *Id.* ¶¶ 13, 18, 23. During the arrest, they "forced Plaintiff diagonally across a concrete curb" and "applied their full body weight" directly onto Smith's non-prosthetic hip. Smith informed officers that he has an artificial hip, but officers Kidd and Marin continued to apply "extreme, crushing downward pressure on Plaintiff's pelvis." *Id.* ¶¶ 20–22. Following this arrest, Smith suffered from Avascular Necrosis. *Id.* ¶¶ 32–35.

For the second arrest, Smith alleges he was resting on the ground under a blanket "upon an unrestricted public access easement" near a business complex. *Id.* ¶ 25. Officer Ridgeway ordered Smith to leave but Smith declined to do so because he has an active membership to LA Fitness, located within the business complex. *Id.* ¶ 26. Officer Ridgeway was joined by Officers Weber, Traino, Cumming,

[1] Claims and defendants omitted from the amended complaint are no longer part of this case. *See* Dkt. No. 13 at 11.

Moynihan, and five unnamed officers who "physically carried him to a patrol vehicle." *Id.* ¶ 28.

## 2. DISCUSSION

Section 1915 requires the Court to dismiss an IFP action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). Pro se pleadings, such as the complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### 2.1 Smith's excessive force claim against Defendants Kidd, Marin, and Does 1 and 2.

The Court previously allowed Smith's excessive force claim to proceed against Defendants Fairfax and Kidd. *See* Dkt. No. 13. In his amended complaint, Smith now alleges that Sergeants Marin and Kidd and two unnamed officers used excessive force by applying "extreme, crushing downward pressure" on Smith's pelvis after Smith alerted officers to his artificial hip. Dkt. No. 14 ¶ 22. Smith now alleges what Marin did, curing the prior defect, and adds that he was unarmed, not

resisting, and left with a hip injury requiring replacement. *Id.* ¶¶ 18–22, 33–35. The claim proceeds against Kidd, Marin, and Does 1 and 2. Smith originally alleged that Fairfax put body weight on his back. Dkt. No. 5 ¶ 11. He now alleges only that Fairfax watched. Dkt. No. 14 ¶ 23. Because the amended complaint replaces the original, Dkt. No. 13 at 11, Smith no longer states an excessive force claim against Fairfax. To the extent Count II challenges the July arrest itself as an unlawful seizure, it fails for the reasons discussed below for Count I.

### 2.2 Smith's false arrest claim against Defendants Ridgeway, Weber, Traino, Cumming, and Moynihan.

Smith alleges that officers Ridgeway, Weber, Traino, Cumming, and Moynihan arrested Smith on December 28, 2023 "without probable cause." Dkt. No. 14 ¶¶ 30, 39. This claim also arises under 42 U.S.C. § 1983. "To prevail on his § 1983 claim for false arrest . . . [Smith] would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Probable cause is demonstrated "when under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (cleaned up).

Here, Smith alleges that the officers had no probable cause to arrest him for "Criminal Trespass" because he "possessed an active membership to LA Fitness, a business located within" the complex where he was arrested. Dkt. No. 14 ¶¶ 25–31. Although Smith told Ridgeway he had "lawful business at the complex," *id.* ¶ 26, whether land is "an unrestricted public access easement" is a legal conclusion, *see*

*id.* ¶¶ 25–31; *see also Iqbal,* 556 U.S. at 678. Smith does not allege who controls the land, whether anyone asked that he be removed, or what Ridgeway knew. That is not enough to state a plausible claim for relief. Smith also alleges no facts showing that the force used to move him was unreasonable, or who took his pipe and why. Dkt. No. 14 ¶¶ 27–29. This is the second time Smith has challenged the December arrest, and the Court's prior order explained that his claims required facts, not conclusions. Dkt. No. 13 at 9–10. His amended complaint adds a label for the land, a gym membership, and the phrase "without probable cause," but no facts about what Ridgeway or the other officers knew. The Court DISMISSES Count IV WITH PREJUDICE.

**2.3 Smith's remaining claims.**

*Count I.* To state a retaliation claim, Smith must allege that (1) he engaged in constitutionally protected activity; (2) the defendant took adverse action against him "'that would chill a person of ordinary firmness from continuing to engage in the protected activity'"; and (3) "'there was a substantial causal relationship between the constitutionally protected activity and the adverse action.'" *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (quoting *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010)). A plaintiff claiming retaliatory arrest must also generally "plead and prove the absence of probable cause." *Id.* at 61–62 (quoting *Nieves v. Bartlett*, 587 U.S. 391, 399–403 (2019)).

Smith's own allegations defeat this claim. Officers came to the gas station because Smith called them. Dkt. No. 14 ¶¶ 13–15. After he finished his purchase,

officers directed him to leave the property, and he was still there when they arrested him. *Id.* ¶¶ 14, 16–18; *see State v. Joseph*, 381 P.3d 187, 188 (Wash. Ct. App. 2016), *aff'd*, 405 P.3d 993 (Wash. 2017) ("The crime of first degree criminal trespass applies to anyone who knowingly enters or remains unlawfully in a building.") (citation altered). His assertions that the trespass was "a complete fabrication manufactured . . . as a pretext for arrest" and that Kidd was "[m]otivated by Plaintiff's protected speech" are conclusions, not facts. Dkt. No. 14 ¶ 17. And the facts he does allege point to an obvious alternative explanation: officers removed a man who stayed on private business property after being told to leave. *See Iqbal,* 556 U.S. at 682. Smith alleges no facts showing that Marin or Fairfax acted because of his speech. Count I is dismissed.

*Count III*. Officers "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen," but "only if they had an opportunity to intercede." *Tobias v. Arteaga*, 996 F.3d 571, 583–84 (9th Cir. 2021) (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000)). And Smith must plead what each officer did "through the official's own individual actions[.]" *Peck v. Montoya*, 51 F.4th 877, 890 (9th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 676). Smith alleges that Fairfax, Woo, Manns, and Hansen "directly observed" the force and "had a realistic opportunity to intervene." Dkt. No. 14 ¶ 23. The second allegation restates the element. He does not say where any officer was, how long the force lasted, or what any of them could have done. He alleges nothing about Hemsley. Count III is dismissed.

*Count V*. The Court told Smith that a claim against the cities requires facts about a specific policy or custom. Dkt. No. 13 at 7. He alleges only a failure to train. Dkt. No. 14 ¶ 40. Count V is dismissed.

*Other theories*. Smith's claims about his pipe, *id.* ¶¶ 22, 29, fail because he does not say who took it or why. His Second Amendment allegations, *id.* ¶¶ 31, 39, describe a consequence of the December arrest, not a separate claim, and fail with Count IV.

Ordinarily, when a court dismisses a pro se plaintiff's complaint, it should grant leave to amend. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). But Smith has now pled twice. The Court's prior order told him what his claims lacked. His amended complaint shows the facts he has, and they do not state these claims. Thus, the Court finds that amendment would be futile. Counts I, III, IV, and V, and the theories addressed above, are DISMISSED WITH PREJUDICE.

## 3. CONCLUSION

Accordingly, the Court orders as follows:

1. Count II of Smith's Amended Complaint proceeds against Defendants Kidd, Marin, and Does 1 and 2.
2. The Court DISMISSES WITH PREJUDICE Counts I, III, IV, and V of Smith's Amended Complaint. The Clerk is DIRECTED to terminate Defendants Cities of Bellevue and Renton; Officers Fairfax, Woo, Hemsley, Manns, Hansen, Ridgeway, Weber, Traino, Cumming, Moynihan, Sims, and Finske; and Does 11–15 from this action.

Dated this 24th day of September, 2026.

Jamal N. Whitehead
United States District Judge