UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON ALAN SMITH,<br>Plaintiff,<br>v.<br>CITY OF RENTON et al.,<br>Defendants. | CASE NO. 2:26-cv-00128-JNW<br>ORDER |

The Court addresses service of its own accord. Plaintiff Jason Alan Smith is proceeding pro se and in forma pauperis (IFP). On July 22, 2026, the Court dismissed Smith's complaint in part under 28 U.S.C. § 1915(e)(2)(B), with leave to amend. Dkt. No. 13. Smith filed an amended complaint that the Court again reviewed under § 1915(e)(2)(B) and held that Count II–a Fourth Amendment excessive force claim under 42 U.S.C. § 1983–could proceed against Defendant officers Kidd, Marin, and two unnamed officers. Dkt. No. 15. The Court therefore finds service is now warranted.

Federal Rule of Civil Procedure 4(c)(3) requires the Court to order marshal service when requested by a plaintiff proceeding in forma pauperis under 28 U.S.C. § 1915. Section 1915(d) reinforces this framework by directing that "[t]he officers of the court shall issue and serve all process" in IFP cases. 28 U.S.C. § 1915(d). Ordinarily, an IFP plaintiff must request marshal service. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). But courts in this circuit have found that, following a sua sponte review of a complaint under 28 U.S.C. § 1915(e)(2)(B), a court may order the proceeding complaint be served by the U.S. Marshals. *See, e.g.*, *Stewart v. De Paul*, No. 12-CV-642-BEN KSC, 2012 WL 1610075, at *2 (S.D. Cal. May 8, 2012).

Because Smith is proceeding IFP, and Count II of his amended complaint proceeds following review under 28 U.S.C. § 1915(e)(2)(B), the Court sua sponte ORDERS service of Smith's amended complaint against Defendants Kidd and Marin.

But the Court will first attempt service through the more efficient waiver process under Rule 4(d). If Defendants fail to waive service, the Court will then direct marshal service.

The Court also finds good cause and sua sponte extends Smith's deadline to serve the amended complaint until December 24, 2026. *See* Fed. R. Civ. P. 4(m).

Thus, the Court ORDERS as follows:

1. **Service by Clerk**. The Clerk is directed to send the following to Kidd and Marin by first class mail: (a) a copy of the Amended Complaint, (b) a copy of this Order, (c) two copies of the notice of lawsuit and request for waiver

of service of summons, (d) two copies of the waiver form, and (e) a return envelope, postage prepaid, addressed to the Clerk's Office. The address for Bryan Marin and Michael Kidd, c/o the Bellevue Police Department, is 450 110th Ave NE, Bellevue, WA 98004.

2. **Response required**. Defendants will have THIRTY (30) days to return the enclosed waiver. A defendant who timely returns the signed waiver will have SIXTY (60) days after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Federal Rule of Civil Procedure 12. A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may have to pay the full costs of such service. *See* Fed. R. Civ. P. 4(d)(2).

3. **Deadline.** The deadline to serve the amended complaint on Defendants is now December 24, 2026.

Dated this 24th day of September, 2026.

Jamal N. Whitehead
United States District Judge